IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 02-00079-CB |
| | ) | CIVIL NO.   16-00158-CB |
| CECIL SHAVERS, | ) | |
| | ) | |
| Defendant/Petitioner | ) | |

## ORDER

This matter is before the Court on a motion to withdraw as counsel filed by Assistant Federal Public Defender Fred Tiemann.  (Doc. 119.)  On April 11, 2016, Petitioner Cecil Shavers filed a pro se motion to vacate set aside, or correct sentence pursuant to 28 U.S.C. § 2255 as well as a request for appointment of counsel. (Doc. 113.)  Because Petitioner's motion for relief is based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015), the Court granted the motion for appointment of counsel and appointed Federal Public Defender's Office to represent Petitioner in this § 2255 proceeding.  In his motion to withdraw, Mr. Tiemann states that he has spoken with Petitioner twice and that Petitioner "is not in agreement with counsel's assessment of the case," "is unsatisfied with counsel's advice and would like other counsel appointed."  (Mot. to Withdraw, 1.) Because there appears to be an irreconcilable conflict between Petitioner and his attorney, the motion to withdraw is **GRANTED**.[1]

---

[1] Petitioner's dissatisfaction appears to arise from counsel's assessment that Petitioner's motion is without merit.  *See* Doc. 117.  Given Mr. Tiemann's expertise in federal criminal defense work, it is highly unlikely that a new attorney would have a different assessment.

The Court declines, however, to appoint another attorney to represent Petitioner.  Petitioner's disagreement with counsel's advice does not amount to good cause for demanding different counsel.  *Cf.  United States v. Jimenez-Antunez*, No. 15-10224, 2016 WL 1622438, at *2 (11th Cir. Apr. 25, 2016) ("indigent criminal defendant 'does not have a right to have a particular lawyer represent him nor to demand a different appointed lawyer except for good cause'"). Appointment of counsel in post-conviction proceedings is within the Court's discretion.  *Ford v. United States*, 353 F.2d 437, 437-38 (5th Cir. 1966); 18 U.S.C. § 3006A(a)(2)(B) (court may appoint counsel to represent indigent party in ' 2255 proceedings if "interests of justice so require").

Petitioner must file a response to the government's motion to dismiss his § 2255 motion on or before **June 16, 2016.²**

**DONE** and **ORDERED** this the 16th day of May, 2016.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**

---

² The Clerk of Court is directed to mail a copy of this order to Petitioner at the address provided in his § 2255 motion.